RIVERA, RECURRENTE, v. EL REGISTRADOR DE GUAYAMA,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de una venta judicial.

No. 586.—Resuelto en marzo 28, 1924.

VENTA JUDICIAL DE BIENES DE MENORES—EDICTOS; TÉRMINO DE PUBLICACIÓN EN VENTAS JUDICIALES.—En el presente caso el registrador denegó la inscripción de una venta judicial de bienes de menores por no haberse publicado los edictos durante veinte días, de acuerdo con el artículo 251, inciso 2, del Código de Enjuiciamiento Civil. *Se resolvió:* que habiéndose publicado el edicto una vez por semana, durante tres semanas consecutivas, y habiendo transcurrido más de veinte días entre la fecha de la publicación del primer edicto que lo fué el 3 de octubre y la de la subasta que se fijó para y tuvo lugar el 27 de octubre, se ha cumplido con el estatuto.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. A. Porrata Doria.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Se trata de una venta judicial de bienes de menores. La escritura otorgada por el márshal se presentó al registro y el registrador denegó su inscripción, consignando los motivos que tuvo en la siguiente nota:

"Denegada la inscripción del precedente documento, que es la escritura número ocho de fecha 22 de enero de 1924, otorgada ante el notario de Guayama don Adolfo Porrata Doria, en cuanto al condominio de una 1/3 parte de la finca perteneciente al menor Antonio Mattei y Ortiz y del que se ha solicitado operación, por el defecto insubsanable de no haberse publicado los edictos durante veinte días de acuerdo con lo dispuesto en el inciso segundo del artículo 251 del Código de Enjuiciamiento Civil, toda vez que el período abarcado entre el primero y el último edicto es el comprendido entre el tres y diecisiete de octubre o sea de catorce días, y tomada en su lugar anotación preventiva por el término legal a favor de Carmen Rivera, al folio 204 vuelto del tomo 16 de Salinas, finca número 781, anotación A."

El artículo 82 de la ley sobre procedimientos legales es-

peciales, enmendado por la No. 33, aprobada en marzo 9 de 1911, en la parte pertinente, dice:

"La subasta de bienes propiedad de menores o incapaces deberá verificarse ante el márshal del distrito, previa publicación de los edictos correspondientes en los sitios de costumbre y en algún periódico de circulación en el distrito; pero, tratándose de bienes muebles cuyo valor no alcance a doscientos dollars, el juez podrá dispensar la publicación de los edictos en el periódico."

Esta disposición no hace mención del tiempo en que deben publicarse los edictos, por lo que hay que acudir como procedimiento supletorio al Código de Enjuiciamiento Civil, el cual en su artículo 251, dice:

"Antes de verificarse la venta de los bienes objeto de la ejecución de la sentencia, deberá publicarse del modo siguiente:

"1.— *   *   *

"2.—Si se tratare de otra propiedad personal, se fijará, por espacio de veinte días, en tres sitios públicos del distrito o ciudad en que se hallaren los bienes, el aviso, describiéndose en él aquéllos detalladamente con expresión del lugar en que haya de celebrarse la venta; o se publicará copia de dicho aviso, una vez por semana, durante el mismo período, en algún periódico del distrito, si lo hubiere."

En este caso, los edictos se publicaron, durante cada semana, en los días 3, 10 y 17 de octubre de 1923, pero alega el registrador que para que la publicación se entienda cumplida, se hace preciso que los 20 días de que trata la disposición anterior, queden comprendidos entre la primera y última publicación, pues entre el 3 y el 17 de octubre solamente transcurrieron 14 días.

De otro lado, el recurrente alega que el artículo 251 autoriza dos formas de publicación y que la publicación de edictos en un periódico es inmaterial porque al mismo tiempo los edictos se fijaron en tres sitios públicos de la ciudad en que se hallan los bienes; pero en esta parte, el artículo 82 de la ley de procedimientos legales especiales

exige la publicación del aviso de subasta para fijarlo en los sitios de costumbre y al mismo tiempo su publicación en un periódico del distrito en donde se radiquen los bienes.

Nuestra conclusión es que habiéndose publicado el edicto una vez por semana, durante tres semanas consecutivas, y habiendo transcurrido más de veinte días entre la fecha de la publicación del primer edicto que lo fué el 3 de octubre y la de la subasta que se fijó para y tuvo lugar el 27 de octubre, se ha cumplido con el estatuto.

A los fines de fijar el alcance de un defecto de la naturaleza del anotado por el registrador véase 10 R. C. L. p. 1293, párrafo 89; *Henna* v. *Saurí* y *Subirá,* 22 D. P. R. 836, y *Solá* v. *Castro,* (pág. 804).

Por lo expuesto, la nota debe revocarse.

*Revocada la nota y ordenada la inscripción.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.